IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20566
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RIOS-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-663-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

The counsel appointed to represent Lazaro Rios-Perez has moved to withdraw and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967).  Rios-Perez has filed a response in which he avers that counsel was ineffective.  Counsel also identifies as a possible issue for appeal whether trial counsel was ineffective for failing to move for a downward departure on the basis that Rios-Perez's criminal history category was overrepresented.  The record has not been adequately developed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for us to consider these claims on direct appeal.  See United States v. Haese, 162 F.3d 359, 363-64 (5th Cir. 1998).

Rios-Perez also challenges his sentence, contending that the enhancement of his sentence based on a prior aggravated-felony conviction and his resulting 77-month sentence are illegal because the prior aggravated-felony conviction was not alleged in his indictment.  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey 120 S. Ct. 2348 (2000).

The continuing validity of Almendarez-Torres has been cast into doubt by Apprendi.  See id. at 2362 (finding it "arguable that Almendarez-Torres was incorrectly decided").  Given that Rios-Perez has raised the Almendarez-Torres issue in opposition to counsel's motion to withdraw and, thereby, has identified a possible nonfrivolous issue for appeal, we deny counsel's motion to withdraw.

Denying the motion to withdraw will serve to preserve the Almendarez-Torres issue for further review.  However, we pretermit further briefing and AFFIRM the judgment of the district court.

Apprendi did not overrule Almendarez-Torres.  See id. at 2362; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres), cert. denied, 121 S. Ct. 1214 (2001).  This court must therefore follow the precedent set

in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.